FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 13 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RHONDA D. LORA-SERRANO,

                                   Plaintiff,

     -against-

CWA LOCAL 1032,

                                   Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

11-cv-1682 (ENV) (LB)

**VITALIANO, D.J.**

        In a Memorandum and Order dated February 1, 2012, the Court dismissed plaintiff Rhonda D. Lora-Serrano's ("Serrano") employment discrimination complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 16, 2012, Serrano filed a letter requesting "corrections" to that Memorandum & Order. In light of plaintiff's pro se status, the Court construes Serrano's letter as a motion under Federal Rule of Civil Procedure 60(b) to reconsider its dismissal of her complaint and the subsequent judgment. Serrano's motion, though, is denied.

        Federal Rule of Civil Procedure 60(b) enumerates grounds for modifying a final judgment based on mistake, surprise, excusable neglect, newly discovered evidence, fraud, a void judgment, satisfaction, or any other justifying reason. See McTier v. People of N.Y., 07-cv-870, 2010 WL 1037963, at *1 (E.D.N.Y. March 17, 2010). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration "should not be granted where the moving party seeks

1

solely to relitigate an issue already decided." Id.

In her letter, Serrano does nothing more than re-hash arguments that the Court thoroughly reviewed and rejected in dismissing her complaint. See McTier, 2010 WL 1037963, at *2 (denying Rule 60(b) motion where moving party "fail[ed] to satisfy the heavy burden of a Rule 60(b) motion because he [did] not present any controlling case law or data, which the court overlooked that would have altered the court's conclusion"). Among other things, plaintiff re-argues the timeliness of her charge to the United States Equal Employment Opportunity Commission ("EEOC"), asserting that she attempted to file a charge (never acknowledged by EEOC) prior to the untimely, official one dated October 27, 2010 and attached to her complaint. As in her complaint, however, plaintiff provides no allegations that come close to "meet[ing] the heavy burden of establishing she was prevented in some extraordinary way, from exercising her rights to warrant bypassing the statutory prerequisite." Alston v. City New York, No. 03-cv-0086, 2006 WL 2711606, at *1 (E.D.N.Y. Sept. 21, 2006); see also Miller v. Int'l Tel. & Tel. Corp, 755 F.2d 20, 26 (2d Cir.), cert. denied, 474 U.S. 851, 106 S. Ct. 148 (1985). Having offered no new law or evidence which could properly be considered and could reasonably be expected to alter the Court's prior decision, plaintiff's motion for reconsideration is denied.

The Clerk shall maintain this case on the closed docket.

**SO ORDERED.**

Dated: Brooklyn, New York
March 13, 2012

ERIC N. VITALIANO
United States District Judge

2